The objection, in my opinion, is fatal. *Page 402 
On the part of the defendant was offered evidence to prove that Reid's entry was put on the record of entries long after the date expressed in the entry; a blank having previously stood in the entry books, when this and perhaps some other entries were inserted; and for this was cited 1 Str. 210.
HUMPHREYS and OVERTON, JJ., were of opinion that the evidence could not be received to contradict the record of entries. If this were allowed, every title in the country might be endangered; the design of the legislature in establishing records of entries would be evaded, and incalculable mischief would ensue. Proof may be adduced by the oath of the keeper of those records, showing their condition, whether legible or not.
Randal M'Gavock, Esq., to whose custody the record of entries had been committed, was sworn; he stated that part of the defendant's claim, or Mabane's right, stood recorded in page 1st, viz., 5200 acres, and the whole 7200 acres, in page 20, and that the plaintiff's entry stood recorded in page 7.
The defendant's counsel discovered a defect in the plaintiff's grant, which they begged leave to state. From the plat of survey, as annexed to the grant, it appeared that there was an alteration in it. John Donnelson surveyed the land as appears by the plat; as it originally stood the survey was made by virtue of the first entry for 5200 acres, part of the 7200 acres, and it had been altered so as to make it refer to the entry made in August. The plat is an essential part of the grant, and any alteration in it vitiates the whole grant in the same manner it would any other deed. They hoped Donnelson, the surveyor, would be permitted to give evidence of this alteration.
WHITE, e contra. — By law, a copy of this plat must be filed in the secretary's office of North Carolina, and that would be better evidence of an alteration than parol proof. Beside, the plat is not an essential part of the grant.